## STATE OF CONNECTICUT
### vs.
## FRANK VENTOLA, alias FRANK CONTI

Superior Court     New Haven County     File #5877

Present: Hon. CARL FOSTER, Judge.

Samuel E. Hoyt,        Attorney for the Plaintiff.

William F. Geenty;
Walfred G. Lundborg,       Attorneys for the Defendant.

122 Conn. 635   MEMORANDUM FILED NOVEMBER 12, 1936.

FOSTER, J.   The Honorable John K. Beach was appointed to hear evidence as to unprofessional conduct of attorneys in New Haven County and report his findings to the Grievance Committee of the New Haven County Bar.   Certain parties were interested in procuring such evidence for production before Judge Beach and employed the defendant, with others, to secure such evidence.

Prior to June 29, 1936, the Grievance Committee had instituted disbarment proceedings in the Superior Court against one Daniel Pouzzner, a member of the Bar of New Haven County, and such proceedings were pending in the Superior Court on that day.

The defendant believed that one Riolino had knowledge of facts that would make him a material witness in the proceedings pending in court against Pouzzner.   On June 29, 1936, he offered Riolino $200.00 to go before Judge Beach and testify to the facts of which he had knowledge.   Riolino was at that time working for the W.P.A. for wages.   The defendant knew at the time he offered the $200.00 to Riolino that Riolino had made an affidavit, at the request of Pouzzner, favoring Pouzzner in the proceeding.   The defendant knew that if Riolino testified before Judge Beach as the defendant thought he would testify, Riolino might be used as a witness in the proceeding in the Superior Court.   The offer of $200.00 was made by the defendant to Riolino to influence him to testify before Judge Beach and the Superior Court in such proceeding and to hinder him from testifying favorably to Pouzzner.

Other facts are claimed by the State and by the defendant, which I do not consider it necessary at this time to decide or find.

The information in this case is based on **General Statutes, Section 6168,** which is as follows:

"Any person summoned or who may be used as a witness in any civil or criminal proceeding, or any person summoned to give a deposition, who shall accept or receive anything to influence his testimony, his conduct or to delay or hinder his appearance as a witness in such proceeding or to delay or hinder his appearance before the authority designated to take such deposition, or any person who shall give or offer anything to any such person, with intent thus to delay, influence or hinder him, or who, by any means, shall wilfully hinder or prevent, or attempt to hinder or prevent, any such person from appearing as a witness or from giving his testimony in any such proceeding or from giving his deposition, shall be fined not more than $500.00 or imprisoned not more than one year or both."

The Statute is very broad. Riolino falls within the description of one "who may be used as a witness in any civil proceeding". The defendant falls within the description, "who shall offer anything to any such person, with intent thus to influence or hinder him from appearing as a witness or from giving his testimony in any such proceeding".

I have examined with care the briefs presented by counsel for the State and for the defendant and the cases therein cited.

Criminal statutes should be strictly construed, but such a statute should not receive a construction so narrow that a great wrong is thereby permitted to remain unatoned or a misdemeanor or crime countenanced by the court.

The offering of $200.00 to one working for the W.P.A. for wages could have been done for no purpose that can be approved. It requires no statute for the determination that a great wrong was done, whatever might have been the motive. A good motive does not convert wrong into right. Too often have we known of instances of witnesses testifying even to the truth, not because it was the truth, but because it was to their financial advantage to so testify. Too often have we known of instances where witnesses have threatened

to remain silent or suffer "lack of memory", unless paid large sums of money for their testimony. Too often have we known such conduct to pass without action or comment by members of the Bar having knowledge of it, even though they themselves took no part in it. In the final analysis of affairs it is far better for justice that testimony should be lost—that a case should be lost—that one case should be erroneously decided for lack of full and complete evidence,—than that witnesses should testify even to the truth as to facts for hire. Such ruling, of course, does not apply to expert witnesses or opinion testimony, where the money paid to the witness is for special learning and special knowledge and where the hiring is frankly admitted to the court and to opponents.

It is not the province of the trial court to answer in memorandum of decision claims and arguments made by the State or by the defendant. This may be done by the court of review, if the occasion arises. The trial court must examine the claims of the parties and the law applicable to the case and then determine the guilt or innocence of the accused as charged.

I find the accused guilty as charged.